UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| ASSAN ALUMINYUM SANAYI VE TICARET A.S., KIBAR DIS TICARET A.S., KIBAR AMERICAS, INC., ISPAK ESNEK AMBALAJ SANAYI A.S., <br><br> *Plaintiffs*, <br><br> v. <br><br> THE UNITED STATES, <br><br> *Defendant*. | Court No. 25-00137 |

**COMPLAINT**

Pursuant to Rule 3(a)(2) of the Rules of the United States Court of International Trade, Assan Aluminyum Sanayi ve Ticaret A.S., Kibar Dis Ticaret A.S., Kibar Americas, Inc., and Ispak Esnek Ambalaj Sanayi A.S. (collectively, "Assan Group" or "Plaintiffs"), by and through its undersigned attorneys, alleges and states as follows:

**ADMINISTRATIVE DECISION TO BE REVIEWED**

1. This is an appeal from the final results of the second administrative review of the antidumping duty Order on *Certain Aluminum Foil from the Republic of Türkiye* ("Aluminum Foil from Türkiye"), Case No. A-489-844. *See Certain Aluminum Foil From the Republic of Armenia, Brazil, the Sultanate of Oman, the Russian Federation, and the Republic of Türkiye: Antidumping Duty Orders*, 86 Fed. Reg. 62790 (Dep't Commerce Nov. 12, 2021) (The "*Order*"). The period of review ("POR") is November 1, 2022, through October 31, 2023.

2. On May 22, 2025, the U.S. Department of Commerce, International Trade Administration, Enforcement and Compliance ("Commerce") published its final antidumping ("AD") administrative review results finding that Aluminum Foil from Türkiye is being or is

1

likely being sold at less than fair value ("LTFV"). *Certain Aluminum Foil From the Republic of Türkiye: Final Results of Antidumping Duty Administrative Review; 2022-2023*, 90 Fed. Reg. 21896 (Dep't Commerce May 22, 2025) ("*Final AD Results*"), and accompanying Issues and Decision Memorandum (Dep't Commerce May 16, 2025) ("*Final I&D Memo*"). Commerce's factual and legal conclusions underlying the *Final AD Results* are set forth in its Issues and Decision Memorandum. *See Final I&D Memo*.

## JURISDICTION

3. Plaintiffs bring this action pursuant to Sections 516A(a)(2)(A)(i)(I) and 516A(a)(2)(B)(iii) of the Tariff Act of 1930, *as amended* (the "Act"), 19 U.S.C. §§ 1516a(a)(2)(A)(i)(I) and 1516a(a)(2)(B)(iii).[1] Plaintiffs contest Commerce's *Final AD Results*, specifically as applied to Plaintiffs.

4. This Court has exclusive jurisdiction over this action pursuant to 28 U.S.C. § 1581(c).

## STANDING

5. Assan Group is a foreign manufacturer and exporter of the subject merchandise. Specifically, Assan Group participated actively at all stages of the investigation by submitting questionnaire responses and briefs. Assan Group is an interested party to the proceeding under 19 U.S.C. §§ 1516a(f)(3) and 1677(9)(A), respectively.

6. Assan Group, therefore, has standing to bring this action under 28 U.S.C. § 2631(c).

---

[1] Any further references to the Act are to the corresponding provisions in the United States Code.

**TIMELINESS OF THIS ACTION**

7. The *Final AD Results* were published in the Federal Register on May 22, 2025. *Final AD Results*, 90 Fed. Reg. at 21896. Assan Group filed the summons commencing this action on June 23, 2025 (*i.e.*, within 30 days of the date of publication of the contested determination). *See* Summons (June 23, 2025), ECF No. 1; *see also* USCIT R. 6(a)(1)(C). Assan Group is filing this complaint on July 23, 2025 (*i.e.*, within 30 days following the filing of the summons). In accordance with USCIT R. 3(a)(2), 5(e) and 6(a), and pursuant to 19 U.S.C. § 1516a(a)(2)(A)(i)(II) and 28 U.S.C. § 2636(c), Assan Group's Complaint is timely filed.

**STANDARD OF REVIEW**

8. This Court must remand any administrative determination by Commerce that is "unsupported by substantial evidence on the record" as a whole or is "otherwise not in accordance with law." 19 U.S.C. § 1516a(b)(1)(B)(i).

9. When reviewing whether Commerce's actions are unsupported by substantial evidence, the Court assesses whether the agency action is "unreasonable" given the record as a whole. *Nippon Steel Corp. v. United States*, 458 F.3d 1345, 1351 (Fed. Cir. 2006). Substantial evidence represents "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *DuPont Teijin Films USA, LP v. United States*, 407 F.3d 1211, 1215 (Fed. Cir. 2005) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The substantial evidence inquiry takes into account the entire record, which includes evidence that supports and detracts from the conclusion reached. *Nippon Steel*, 458 F.3d at 1352.

10. When reviewing Commerce's statutory interpretations, courts no longer defer to agencies' interpretations of their governing statutes. *See Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 412 (2024) ("*Chevron* is overruled.")

11. This Court has found Commerce's determinations unlawful "where Commerce has failed to carry out its duties properly, relied on inadequate facts or reasoning, or failed to provide an adequate basis for its conclusions." *Rhone-Poulenc, Inc. v. United States*, 20 C.I.T. 573, 575, 927 F. Supp. 451, 454 (1996); *see also Asociacion Colombiana de Exportadores de Flores, v. United States*, 22 C.I.T. 173, 185, 6 F. Supp. 2d 865, 880 (1998).

## STATEMENT OF FACTS

12. The original *Order* on Aluminum Foil from Türkiye was imposed on November 12, 2021. *See Certain Aluminum Foil From the Republic of Armenia, Brazil, the Sultanate of Oman, the Russian Federation, and the Republic of Türkiye: Antidumping Duty Orders*, 86 Fed. Reg. 62790 (Dep't Commerce Nov. 12, 2021) (The "*Order*").

13. The *Order* was challenged before this Court in Consol. Ct. No. 21-00616. On May 8, 2024, this Court issued Slip Op. 24-56 and granted a voluntary remand of Commerce's Final Determination in the investigation for the agency to reconsider or further explain, *inter alia*, its duty drawback methodology. *See Assan Aluminyum Sanayi Ve Ticaret A.S. v. United* States, Consol. Ct. No. 21-00616, Slip Op. 24-56, 2024 WL 2044061, at 22-24 (Ct. Int'l Trade May 8, 2024). Although Commerce rejected Assan Group's proposed drawback methodology as not consistent with the agency's practice, it subsequently requested the voluntary remand to reconsider its duty drawback methodology "in light of developments in practice." *Id.* at 22.

14. On September 5, 2024, Commerce issued its Remand Redetermination. Redetermination Pursuant to Court Remand Order in *Assan Aluminyum Sanayi ve Ticaret A.S. v. United States*, Consol. Ct. No. 21-00616, Slip Op. 24-56 (Ct. Int'l Trade Sept. 5, 2024), ECF No.

75. This remand is currently pending before the Court.[2] The same legal provisions and the essential facts are at issue in the pending remand and the instant appeal with respect to Commerce's duty drawback methodology and application of the duty drawback adjustment to Assan Group's U.S. sales.

15. On November 2, 2023, Commerce published a notice of opportunity to request a review of the AD order on Aluminum Foil from Türkiye covering the period of November 1, 2022, through October 31, 2023. *See Antidumping or Countervailing Duty Order, Finding or Suspended Investigation; Opportunity to Request Administrative Review and Join Annual Inquiry Service List*, 88 Fed. Reg. 75270 (Dep't Commerce Nov. 2, 2023).

16. On November 29, 2023, Assan Group requested an administrative review of its sales and shipments of subject merchandise for the administrative review period of November 1, 2022, through October 31, 2023. Petitioner Aluminum Association Trade Enforcement Working Group also requested an administrative review.[3]

17. On December 29, 2023, Commerce initiated an administrative review of the *Order* covering the POR from November 1, 2022, through October 31, 2023. *See Initiation of Antidumping and Countervailing Duty Administrative Reviews,* 88 Fed. Reg. 90168 (Dep't Commerce Dec. 29, 2023).

---

[2] We note that Consol. Ct. No. 21-00616, previously assigned to the Hon. Stephen Alexander Vaden, was transferred to the Hon. M. Miller Baker on July 7, 2025. *See* Consol Ct. No. 21-00616 (July 7, 2025), ECF No. 109. We also note that briefing has concluded for this remand segment, and the Court's July 9, 2025 order states that following refiling of the comments to conform with the presiding judge's formatting requirements, "{t}his matter will be decided on the papers unless the court determines that argument is necessary." *See* Consol Ct. No. 21-00616 (July 9, 2025), ECF No. 110.

[3] The Aluminum Association Trade Enforcement Working Group consists of Gränges Americas Inc., JW Aluminum Company, and Novelis Corporation.

18. Assan Group was selected as a mandatory respondent in Commerce's review and participated throughout the proceeding through the filing of timely and complete questionnaire responses. *See* Assan Group's Section A Questionnaire Response (Mar. 6, 2024); Assan Group's Section B Questionnaire Response (Apr. 1, 2024); Assan Group's Section C Questionnaire Response (Apr. 1, 2024); Assan Group's Section D Questionnaire Response (Apr. 1, 2024) ;;Assan Group's Supplemental A-C Questionnaire Response (Aug. 5, 2024); Assan Group's 2nd Supplemental Questionnaire Response (Sept. 10, 2024); Assan Group's 3rd and 4th Supplemental Questionnaire Responses (Nov. 25, 2024).

19. On December 13, 2024, Commerce issued its preliminary results in which it assigned Assan Group an individual rate of 2.34 percent. *Certain Aluminum Foil From the Republic of Türkiye: Preliminary Results & Rescission, in Part, of Antidumping Duty Administrative Review; 2022-2023*, 89 Fed. Reg. 100977 (Dep't Commerce Dec. 13, 2024), and accompanying Preliminary Decision Memorandum ("*Preliminary Determination*").

20. On January 21, 2025, Assan Group filed a case brief. Assan Group's Case Brief (Jan. 21, 2025) ("Case Br."). In its case brief, Assan Group commented on, amongst other things, Commerce's application of the duty drawback adjustments to a subset of Assan Group's U.S. sales, despite record evidence establishing that all exports were made pursuant to an inward processing certificate ("IPC") and that all IPCs will receive official closing correspondence from the Government of Türkiye ("GOT"). *Id*. at 2.

21. On January 31, 2025, Assan Group filed a rebuttal brief. Assan Group's Rebuttal Brief (Jan. 31, 2025) ("Rebuttal Br.").

22. On May 22, 2025, Commerce published its *Final AD Results* finding that Aluminum Foil from Türkiye was being sold at less-than-fair-value and calculated a final

weighted-average dumping margin for Assan Group of 2.34 percent. 90 Fed. Reg. at 21896. Commerce's calculations underlying its *Final AD Results* are set forth in the Memorandum from B. Hansen to The File, re: Final Results Analysis Memorandum for the Assan Single Entity (May 16, 2025) ("Final Analysis Memo").

23. In the *Final AD Results*, Commerce, amongst other things, continued to calculate Assan Group's duty drawback adjustment to U.S. sales based only on closed IPC data and applied the adjustment only to U.S. sales associated with the same closed IPC. *Id.* at 12-14 (Cmt. 3).

24. The *Final AD Results* are unsupported by substantial evidence and are otherwise not in accordance with law with respect to the matters set forth in the following counts.

## STATEMENT OF CLAIMS

### COUNT I

25. The facts and allegations contained in paragraphs 1 through 25 are restated and incorporated herein by reference. Commerce's decision to limit the full duty drawback adjustment to which Assan Group is entitled by statute is improper where all exports were made pursuant to an IPC. Specifically, Commerce calculated the amount of the adjustment to U.S. price by: (1) calculating the total amount of the duty drawback benefit for exempted import duties realized by Assan Group for exports to the United States during the POR under a single closed IPC and (2) allocating the amount of this benefit to U.S. sales of subject merchandise associated with this same closed IPC. Instead, consistent with the plain language of the statute and record evidence demonstrating that all of Assan Group's sales were made pursuant to an IPC, Commerce should have applied the duty drawback adjustments to all of Assan Group's U.S. sales. Commerce's drawback methodology in the *Final AD Results*, which presumes that an IPC that is open or under closure during the POR will not close at some point in the future, is contradicted by record evidence establishing (1) each U.S. sale was made pursuant to an IPC, (2) the last 25

7

certificates used by Assan Group have all closed successfully, and (3) that Assan Group has completed its import and export commitments under IPC's used during the POR such that those IPC's listed as "open" or "under closure" will close. Commerce's limited application of the drawback adjustment to U.S. sales associated with the single IPC closed during the POR in the *Final AD Results* is unreasonable, limits application of Assan Group's duty drawback adjustment in a manner not contemplated by the statute and is unsupported by substantial evidence and otherwise not in accordance with law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court to:

(a)  Hold that Commerce's *Final AD Results* are not in accordance with law or unsupported by substantial record evidence with respect to the claims advanced by Plaintiff in this Complaint regarding Commerce's duty drawback adjustment methodology;

(b)  Remand the *Final AD Results* to Commerce for determination consistent with the opinion of this Court; and

(c)  Grant such additional relief as the Court may deem just and proper.

/s/ Leah N. Scarpelli
Leah N. Scarpelli
Matthew M. Nolan
Nancy A. Noonan
Jessica R. DiPietro
Christian L. Bush
ArentFox Schiff LLP
1717 K Street, N.W.
Washington, DC 20006
Phone: (202) 715-8403

*Counsel to Assan Group*

Dated: July 23, 2025